Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, California 92150
Telephone: (858) 348-4938
Fax: (858) 348-4939

Semnar & Hartman, LLP
Babak Semnar, Esq. (SBN 224890)
Jared M. Hartman (SBN 254860)
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff DIEGO CASANOVA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIEGO CASANOVA, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LVNV FUNDING, LLC; and J.C. CHRISTENSEN & ASSOCIATES, INC.<br><br>Defendants.<br>_____ | Case No.<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF:**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br><br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**[DEMAND FOR JURY TRIAL]** |

# I.
# INTRODUCTION

1. Plaintiff DIEGO CASANOVA (hereinafter referred to as "Plaintiff"), brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies against Defendant LVNV FUNDING, LLC and J.C. CHRISTENSEN & ASSOCIATES, INC. (collectively referred to as "Defendants") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA)

2. Plaintiff alleges as follows, upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendants in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## II.
## PARTIES

7. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of Riverside, State of California.

8. Plaintiff is considered a "consumer" as the term is defined by 15 U.S.C. section 1692a(3) and a "debtor" as the term is defined by California Civil Code section 1788.2(h).

9. Plaintiff is informed and believes, and thereupon alleges, that Defendants are, and at all times mentioned herein were, a corporation who were conducting and engaging in business in the County of Riverside, State of California.

10. Plaintiff is informed and believes, and thereupon alleges, that Defendants use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore debt collectors as that phrase is defined by 15 U.S.C. section 1692a(6).

11. Plaintiff is informed and believes, and thereupon alleges, that Defendants are debt collectors as defined under Civil Code section 1788.2(c).

12. Defendants attempted to collect a consumer debt as defined under the FDCPA and Rosenthal FDCPA.

13. Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## III.
## JURISDICTION AND VENUE

14. This Court has jurisdiction under 15 U.S.C. section 1692k, 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

15. This action arises out of violations of the FDCPA and Rosenthal FDCPA. Because Defendants do business within the State of California, County of San Diego, personal jurisdiction is established.

16. Venue is proper pursuant to 28 U.S.C. section 1391.

## IV.
## RELEVANT FACTS

17. Sometime after January 9, 2016, Plaintiff received a collection notice, dated January 9, 2016, from Defendants. The collection notice stated that Plaintiff

owed a debt in the amount of $8,542.62.  A copy of Defendants' January 9, 2016 collection notice is attached hereto as **Exhibit 1**, and is incorporated herein by reference.

18.   The statute of limitations on the alleged debt Plaintiff allegedly owed, had already expired by the time of the drafting of Defendants' January 9, 2016 collection notice.

19.   The January 9, 2016 collection notice offered Plaintiff three different settlement options.  The following settlement options were offered:

**(a) Lump Sum Settlement payment of $5,125.57;**

**(b) 3 monthly payments of $1,993.28; or**

**(c) 6 Monthly payments of $1,139.02.**

20.   The January 9, 2016 collection notice also stated that:

**"The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency."**

21.   The January 9, 2016 collection notice, however, does not inform the Plaintiff that acceptance of any of these offers would create a novation (i.e. a new contract) which would create a new statute of limitations on the alleged debt, and would thereby allow Defendants or the creditor to sue on the debt if Plaintiff were to fail to make payments pursuant to the new agreement.

///

///

# V.
# CLASS ALLEGATIONS

22. Plaintiff brings this action on his own behalf, and on behalf of all others similarly situated.

23. Plaintiff defines the FDCPA Class as: (i) all persons with addresses within the State of California; (ii) who were sent a written communication by Defendants that was substantially similar or identical to Plaintiff's Exhibit 1; (iii) to recover a time-barred consumer debt; (iv) which was not returned by the United States Postal Service; (v) within one year prior to the filing of the Complaint in this action.

24. Similarly, Plaintiff defines the Rosenthal FDCPA Class as: (i) all persons with addresses within the State of California; (ii) who were sent a written communication by Defendants that was substantially similar or identical to Plaintiff's Exhibit 1; (iii) to recover a time-barred consumer debt; (iv) which was not returned by the United States Postal Service; (v) within one year prior to the filing of the Complaint in this action.

25. The FDCPA Class and the Rosenthal FDCPA Class shall be referred to jointly as "The Classes."

26. Defendants and its employees or agents are excluded from the Classes.

27. Plaintiff does not know the exact number of persons in the Classes, but believes them to be in the several hundreds, if not thousands, making joinder of all

1 these actions impracticable.

2     28.     The identity of the individual members is ascertainable through Defendants' and/or Defendants' agents' records or by public notice.

    29.     There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

- a) Whether Defendants violated the FDCPA by sending a written communication substantially in the form of Exhibit 1 to the members of the Classes;
- b) Whether Defendants violated the Rosenthal FDCPA by sending using a written communication substantially in the form of Exhibit 1 to the members of the Classes;
- c) Whether members of the Classes are entitled to the remedies under the FDCPA;
- d) Whether members of the Classes are entitled to the remedies under the Rosenthal FDCPA;
- e) Whether members of the Classes are entitled to declaratory relief;
- f) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;
- g) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the Rosenthal FDCPA.

    30.     Plaintiff will fairly and adequately protect the interest of the Classes.

    31.     Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

32. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

33. A class action is a superior method for the fair and efficient adjudication of this controversy.

34. Class-wide damages are essential to induce Defendants to comply with the federal and State laws alleged in the Complaint.

35. The interests of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA or Rosenthal FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.* securities fraud.

36. Defendants have acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the class as a whole.

37. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

38. Plaintiff requests certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

///

///

# VI.
# FIRST CAUSE OF ACTION
### (Violation of the FDCPA)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Under California law, when the statute of limitations has barred remedy on an original obligation, and a promise to pay made after such time is relied upon by a party seeking to enforce the promising party's obligation, the action is not upon the original obligation but is instead upon the new agreement. *Youngdale v. Gahwiler* 198 Cal.App. 2d 156 (Cal. 1961).

41. Defendants violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10), because Defendants claimed it would not sue the Plaintiff while also failing to disclose that accepting any of the settlement offers would create a novation, and thereby create a new agreement with a new statute of limitations that would permit the current creditor to file suit in the event the Plaintiff defaults on the new agreement. Without such disclosure, the Plaintiff would put himself in a worse position if he were to agree to accept any of the offers, because absent such acceptance (entering into a new agreement) Defendants cannot sue Plaintiff due to the statute of limitations having already expired. However, if Plaintiff accepts any of the settlement offers, he would subject themselves to a potential lawsuit if he defaults on the new agreement. Thereby, Defendants attempted to mislead and trick Plaintiff into accepting one of the offers under the guise that Defendants would not sue them upon

the debt, and such conduct would so mislead the least sophisticated consumer into believing it could accept one of the offers without any fear of legal repercussions from Defendants if the least sophisticated consumer should default thereupon.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. section 1692k(a)(2)(A) and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## VII.
## SECOND CAUSE OF ACTION
### (Violation of the Rosenthal FDCPA)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. By violating 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA, Defendants' conduct is also a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates that provision of the FDCPA.

45. Defendants violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10), as discussed above.

46. The Ninth Circuit in *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1066 (9th Cir. 2011) has ruled that the Rosenthal Act, via California Civil Code section 1788.17, incorporates the Federal FDCPA's class action damages provision in 15 U.S.C. section 1692k(a)(2)(B). Specifically, the Ninth Circuit stated that "in light

of the clear statutory language, unequivocal legislative history, and the unanimous agreement of the courts, we hold that the Rosenthal Act permits class actions."

47. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## VIII.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For Certifying the Classes as requested herein;

2. Certifying the Classes as requested herein;

3. An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;

4. An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.17, for each plaintiff and putative class member;

5. An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

7. An award of costs of litigation and reasonable attorney's fees, pursuant to

1  15 U.S.C. § 1692k(a)(3); and

2  8. Any and all other relief that this Court deems just and proper.

3  DATED:  May 5, 2016                **MASHIRI LAW FIRM**
                                       A Professional Corporation

4

5                                      By: /s/Alex Asil Mashiri
                                           Alex Asil Mashiri
                                           Attorney for Plaintiff
6                                          DIEGO CASANOVA

7  DATED: May 5, 2016                  SEMNAR & HARTMAN, LLP

8                                      By: s/ Jared M. Hartman
                                           Jared M. Hartman, Esq.
9                                          Semnar & Hartman, LLP
                                           Attorneys for Plaintiff
10                                         DIEGO CASANOVA

**MASHIRI LAW FIRM**
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939